```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ESTHER WEILL,                                                :
                                                             :   Case No.:
                                    Plaintiff,               :
                                                             :   COMPLAINT
                  -  against  -                              :
                                                             :
MALEN & ASSOCIATES PC,                                       :
                                                             :
                                    Defendant.               :
------------------------------------------------------------ X
```

ESTHER WEILL (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MALEN & ASSOCIATES PC, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection agency with its principal place of business located at 123 FROST ST, WESTBURY, NY 11590.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The Defendant thereafter filed a lawsuit against the Plaintiff in the Civil Court of the City of New York, County of Kings, for the collection of said debt. See State Court Complaint attached hereto as Exhibit 1.

13. Plaintiff retained counsel who appeared on Plaintiff's behalf at a hearing set for May 8, 2018, at which time a Notice of Appearance was filed and provided to the Defendant via the attorney who appeared in Court at said hearing, and also confirmed his representation on the Preliminary Conference Order. See a copy of the Notice of Appearance and Preliminary Conference Order attached hereto as Exhibit 2.

14. However, on May 29, 2018, despite having actual knowledge that the Plaintiff had retained counsel, the Defendant sent a communication directly to the Defendant. See letter dated May 29, 2018 attached hereto as Exhibit 3, as well as the envelope it was sent in postmarked on June 1, 2018 attached hereto as Exhibit 4.

15. The mailings are a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Within the May 29, 2018 letter the Defendant invited the Plaintiff to "contact our office at your earliest convenience if you wish to discuss this matter further." See Exhibit 3.

17. The Plaintiff was confused as she wasn't supposed to be getting any communications from the Defendant as she had retained an attorney, and became fearful as to why the Defendant would be reaching out to Plaintiff directly and intentionally circumnavigate Federal Law prohibiting the Defendant from contacting Plaintiff directly as the Defendant had actual knowledge that the Plaintiff was represented by counsel as they both appeared together at the May 8, 2018 trial.

18. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt.

20. Defendant's direct mailing to the Plaintiff and circumnavigating the Plaintiff's attorney is the use of a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

21. Defendant's mailings directly to the Plaintiff when it knew that Plaintiff had retained an attorney with respect to this debt is a prohibited communication with the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(2).

22. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692c(a)(2).

**JURY DEMAND**

23. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.


Dated: August 27, 2018

    Brooklyn, New York

        /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff